IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-35-TAV-JEM |
| LARRY O. WALKER, II, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned on Defendant Larry Walker's amended[1] Motion to Reopen Suppression and *Franks* Issues [Doc. 104]. *See* 28 U.S.C. § 636(b). Defendant asks to reopen the August 9, 2023 suppression hearing in this case because at the time of the hearing, he did not trust his then counsel, who called no witnesses at the hearing [Doc. 104 pp. 2–4]. The Government responds in opposition, arguing that Defendant's dissatisfaction with prior counsel, who performed competently, is not a basis for reopening the suppression hearing [Doc. 106 pp. 3–4]. The undersigned finds Defendant's request is untimely, unsupported by law or fact, and prejudicial to the prompt administration of justice. For the reasons discussed herein, Defendant's motion is **DENIED**.

### I. BACKGROUND

Defendant is charged along with Codefendant Danielle Price with conspiring to distribute fifty grams of methamphetamine and forty grams of fentanyl (Count One) [Doc. 11 p. 1]. Both Defendants are also charged with possession of methamphetamine and fentanyl with intent to

---

[1] It appears that the only substantive difference between Defendant's initial motion [Doc. 103] and his amended motion [Doc. 104] is that the dates of April 12, 2024, and May 5, 2024, appearing in the final full paragraph on page 3 of the original motion are changed to April 12, 2023, and May 5, 2023, respectively, in the amended motion.

distribute (Count Two) and possession of firearms in furtherance of drug trafficking (Count Three) [*Id*. at 1–2]. Defendant Walker is further charged with being a felon in possession of a firearm (Count Four) [*Id*. at 2].

The Court appointed Attorney Gerald L. Gulley, Jr., to represent Defendant Walker at Defendant's March 8, 2023 initial appearance on a criminal complaint [Doc. 8]. Mr. Gulley represented Defendant at his arraignment on an Indictment nine days later [Docs. 18 & 19]. On April 21, 2023, Defendant Walker filed a pro se letter to the Court expressing concern about lack of communication with Mr. Gulley after an initial meeting in which they discussed that Mr. Gulley would file a suppression motion challenging the "bare bones" search warrant affidavit and a discovery motion [Doc. 31 p. 1]. The Court directed Mr. Gulley to confer with Defendant about the pro se filing and to file either a motion to review the attorney-client relationship or a motion to withdraw the pro se filing as appropriate [Doc. 35]. On April 28, 2023, Mr. Gulley moved to withdraw the pro se filing, stating that he had conferred with Defendant on problems receiving counsel's communications at the jail and on the motions currently filed in the case and other potential motions [Doc. 38 p.1]. Counsel stated that after conferring with Defendant, counsel believes Defendant's concerns that prompted the pro se filing have been discussed and resolved [*Id*.]. The Court subsequently withdrew the pro se filing [Doc. 39].

On May 8, 2023, Defendant's mother sent a letter to the Court regarding Defendant's communication issues with counsel and health issues [Doc. 41]. This letter alleged that counsel has not asked for a detention hearing and has not filed motions for a suppression hearing, a *Franks* hearing, or relating to a *Brady* violation [*Id*.]. Defendant also claimed that he could not receive or

2

send letters from the jail [*Id*.]. The undersigned again directed counsel to review this letter and act if appropriate [Doc. 43].[2] Counsel made no further filings in relation to this motion.

On May 31, 2023, the undersigned held a hearing on Defendant Walker's discovery motions [*See* Doc. 46, Minutes]. At that hearing, Mr. Gulley stated that he would be moving to join Defendant Price's suppression motion on the sufficiency of the search warrant affidavit and would file a separate motion to bring any additional grounds for suppression. Defendant was present at the May 31, 2023 motion hearing and did not seek to raise any issues with regard to the attorney-client relationship. Thereafter, Mr. Gulley moved to adopt Defendant Price's suppression motion [Doc. 49] and filed a Motion for Determination of Validity of Search Warrant Based on *Franks v. Delaware* [Doc. 52].

The parties appeared before the undersigned on August 9, 2023, for a motion hearing on Defendant Price's suppression motion, Defendant Walker's *Franks* motion, and each Defendant's motion to join in the other's suppression motion [*See* Doc. 53, Minutes]. The Court heard the parties' arguments and permitted a late exhibit and post-hearing briefs. At the end of the hearing, counsel for Defendant Price stated that he anticipated filing a motion to continue the trial [Doc. 55 p. 44]. Defense counsel then had private conversations with their clients [*Id*.]. The Court interrupted these conversations to state that defense counsel could file a written motion to continue the trial, if appropriate, after conferring with their clients [*Id*.]. Thereafter, Defendant Walker attempted to speak with the Court directly, and the Court advised him that he must address the Court through counsel [*Id*. at 45]. Defendant Walker stated, "He's not telling you what I'm trying

---

[2] The Court observed that it "has previously declined to accept filings by Defendant Walker's mother [*see* Doc. 34] and also has held that Defendant may not file motions on his own behalf while represented by counsel [Doc. 35]. E.D. Tenn. L.R. 83.4(c)" [Doc. 43 p. 1]. Nevertheless, the Court asked defense counsel to look into this letter [*Id*.].

3

to have –" [*Id.*]. The Court informed Defendant Walker that Mr. Gulley would speak to him after Court and that he could file a motion if appropriate [*Id.*].

On January 26, 2024, almost two months after the District Judge denied the suppression motions, Defendant Walker filed a pro se motion for new counsel and interlocutory appeal of the suppression ruling [Doc. 74]. The Court directed Mr. Gulley to review that filing with Defendant Walker and to either file a motion for review of the attorney-client relationship or a notice that issues in the relationship have been resolved, as appropriate [Doc. 75]. Mr. Gulley subsequently moved the Court to review the attorney-client relationship on February 21, 2024 [Doc. 79]. The undersigned held a hearing on these motions on March 6, 2024, and substituted Attorney Nathaniel Evans as counsel for Defendant Walker [Doc. 84]. On May 16, 2024, the undersigned substituted Attorney Mike Whalen for Mr. Evans [Doc. 95].

## II. ANALYSIS

While represented by Attorney Gerald L. Gulley, Jr., Defendant litigated a Motion to Suppress [Doc. 36] evidence seized from a residence pursuant to a search warrant and a Motion for Determination of Validity of Search Warrant Based on *Franks v. Delaware* [Doc. 52]. The District Judge denied both motions [Doc. 70 p. 29]. Defendant Walker now asks to reopen the suppression and *Franks* issues because the Court did not hold a hearing on his relationship with counsel prior to the motion hearing on his dispositive motions [Doc. 104 pp. 3–4]. He asserts that he had previously indicated his concerns about the attorney-client relationship but was required to proceed with his suppression hearing with Mr. Gulley, who called no witnesses at that hearing even though the affiant on the affidavit in support of the search warrant was present [*Id.* at 2].

The undersigned finds Defendant has not stated a valid basis to reopen his dispositive motions. While the decision to reopen a suppression hearing is a matter within the Court's

4

discretion, the Court "'should be extremely reluctant to grant reopenings[.]'" *United States v. Pittman*, 816 F.3d 419, 424 (6th Cir. 2016) (citations omitted). Relevant to the decision to reopen are "the timeliness of the motion, the character of the testimony[ not provided in the initial hearing], and the effect of the granting of the motion." *United States v. Blankenship*, 775 F.2d 735, 741 (6the Cir. 1985). "The most important consideration is whether the opposing party is prejudiced by reopening." *Id*.

Here, Defendant's request to reopen was filed nine months after the District Judge ruled on the motions. Reopening the suppression hearing at this time would likely jeopardize the January 14, 2025 trial date, thereby prejudicing the Government and Codefendant Price.

Additionally, to the extent that Defendant Walker complains that Mr. Gulley called no witnesses at the suppression hearing, any testimony of the affiant was and continues to be inappropriate. It is well settled that when evaluating the sufficiency of probable cause for a search warrant affidavit the Court is limited to the four corners of the affidavit. *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010). While the Court may hear the testimony of the affiant if a *Franks* hearing is warranted, here, the affiant's testimony was not appropriate. The Government acknowledged that the affidavit's allegation that Defendant Walker rented vehicles from Avis "in Knoxville" was not accurate [*See* Doc. 66 p. 15]. That the rentals by Defendant Walker occurred in Michigan rather than in Knoxville, however, is not material to probable cause [*Id*. at 16]. Likewise, both of Defendant's alleged omissions—that the affidavit omitted information on the reliability of the confidential informant and failed to connect him with drug trafficking—are not material to probable cause as police surveillance and investigation corroborated the information from the confidential informant and the affidavit provides a nexus between drug trafficking and the residence [*Id*. at 17–18]. The District Judge upheld this analysis [Doc. 70 pp. 25–29]. Thus,

5

even if the Court allowed the suppression hearing to be reopened, it would not permit the testimony of the affiant based upon the record before the Court. And nothing in Defendant's motion indicates any new information that would alter the Court's analysis.

Finally, Defendant's assertion that the Court failed to inquire about his dissatisfaction with Mr. Gulley is simply not the case. Defendant twice petitioned the Court for new counsel prior to the suppression hearing. Both times, the undersigned directed Mr. Gulley to review the pro se filing, confer with Defendant, and file an appropriate motion either to withdraw the pro se filing or to review the attorney-client relationship. On both occasions, Mr. Gulley subsequently withdrew the pro se filings.[3] Defendant's statement at the end of the August 9, 2023 suppression hearing followed a discussion of a trial continuance. The undersigned instructed Defendant to relate his concerns to defense counsel who could then file any motion with the Court. No motion related to the attorney-client relationship was filed during the litigation of the suppression motion. It was not until Defendant filed a pro se motion on January 26, 2024, almost two months after the District Judge denied his suppression motion, that there was an indication of breakdown in the relationship between Mr. Gulley and Defendant. This chronology does not support Defendant's contention that he was forced to proceed in the August 9 suppression hearing with counsel he did not trust.

## III. CONCLUSION

The undersigned finds Defendant's request to reopen the suppression hearing is untimely, unsupported by law or fact, and prejudicial to the prompt administration of justice. Accordingly,

---

[3] After Mr. Gulley withdrew these filings, and prior to the August 9 suppression hearing, Defendant appeared before the Court on May 31, 2023, on motions related to discovery [Doc. 46]. At that hearing, Mr. Gulley represented that he had met with Defendant Walker the week before the May 31 hearing to discuss discovery provided to him. At no point during that hearing did either Mr. Gulley or Defendant Walker raise concerns about their relationship.

6

Defendant's amended Motion to Reopen Suppression and Franks Issues [**Doc. 104**] is **DENIED**. Defendant's duplicative original motion [**Doc. 103**] is also **DENIED**.

    **IT IS SO ORDERED**.

ENTER:

_____
Jill E. McCook
United States Magistrate Judge